IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-235-D
No. 5:21-CV-289-D

| | |
|---|---|
| RODNEY DURRELL THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On July 9, 2021, Rodney Durrell Thomas ("Thomas" or "petitioner") moved to vacate his conviction under 28 U.S.C. § 2255 [D.E. 449] and filed a corrected motion on July 27, 2021 [D.E. 455]. On September 2, 2021, the United States moved to dismiss Thomas's motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [D.E. 461] and filed a memorandum in support [D.E. 462]. The same day, the court notified Thomas of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 463]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On November 29, 2021, the court denied Thomas's motion for appointment of counsel and provided him with additional time to respond in opposition to the government's motion to dismiss [D.E. 466]. On December 21, 2021, Thomas responded in opposition [D.E. 467]. As explained below, the court grants the government's motion to dismiss and dismisses Thomas's section 2255 petition.

I.

In 2017, the Tar River Regional Drug Task Force and the DEA began investigating one of Durrell's co-defendants (Marquavius Carr) and his drugs distribution in and around Nash, Edgecombe, and Wilson Counties. See Rule 11 Tr. [D.E. 333] 28; Rev'd PSR [D.E. 304] ¶ 12. On

November 28, 2017, Carr returned to state prison for violating probation. See Rule 11 Tr. 28; Rev'd PSR ¶¶ 12–13, 18. Before entering state prison, Carr handed his personal cell phone to Thomas. Carr continued to direct his drug trafficking organization from prison through numerous recorded phone calls with Thomas. See Rule 11 Tr. at 28–29; Rev'd PSR ¶¶ 13, 16. During this time, law enforcement also used confidential sources to conduct two controlled buys of illegal drugs from Thomas. See Rule 11 Tr. at 29; Rev'd PSR ¶ 15.

On February 15, 2019, pursuant to a written plea agreement, Thomas pleaded guilty to conspiracy to distribute and possession with the intent to distribute 100 grams or more of heroin and a quantity of marijuana, and 28 grams or more of cocaine base (crack), and a quantity of cocaine (count one) and possession with intent to distribute and distribution of 28 grams or more of cocaine base (crack) and a quantity of cocaine and aiding and abetting (count eight). See [D.E. 249, 250]; Rule 11 Tr. 17–19. In exchange, the government agreed to move to dismiss counts nine and ten of the indictment at sentencing. See [D.E. 249, 250]; Rule 11 Tr. at 30. At Thomas's Rule 11 hearing, the court told Thomas that any stipulations contained in his plea agreement concerning his possible sentence were not binding on the court and that the court could sentence Thomas to the statutory maximum on each count. See Rule 11 Tr. at 6. Under oath, Thomas stated that he understood the maximum penalties authorized by law for count one and count eight, that the court had the authority to impose the maximum penalties on each count, and that if the court did impose such penalties, Thomas would not be allowed to withdraw his guilty plea. See Plea Agmt. [D.E. 250] ¶ 3; Rule 11 Tr. at 15, 23–24.

On July 16, 2019, the court held Thomas's sentencing hearing. See [D.E. 308, 311, 313, 314]; Sentencing Tr. [D.E. 336]. The court adopted the facts in the revised Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sentencing Tr. at 5. Through

counsel, Thomas objected to the drug weights for crack cocaine and heroin attributed to him in the PSR[1] as well as to a two-level enhancement for reckless endangerment, and the court heard testimony on the objections. See Sentencing Tr. at 5–25; see [D.E. 296]. The court thoroughly considered the evidence presented and the arguments of counsel and overruled the objections. See Sentencing Tr. at 25–28. The court calculated Thomas's offense level to be 31, his criminal history category to be III, and his advisory guideline range to be 135 to 168 months. See Sentencing Tr. at 28. After thoroughly considering the prosecutor's and Thomas's arguments and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Thomas to 156 months' concurrent imprisonment on each count. See id. at 28–39; [D.E. 313]. The court also announced that if it had miscalculated Thomas's advisory guideline range, it would "impose the same sentence as an alternative variant sentence[.]" Sentencing Tr. at 40.

Thomas appealed the court's adoption of the heroin and crack cocaine drug weight calculations in the PSR and imposition of the reckless endangerment enhancement. See [D.E. 315]; Opening Br., United States v. Thomas, No. 19-4548 (4th Cir. Dec. 10, 2019), [D.E. 16]. On April 27, 2020, the United States Court of Appeals for the Fourth Circuit concluded that Thomas knowingly and voluntarily waived his right to appeal, enforced the appellate waiver in Thomas's plea agreement, and dismissed the appeal. See [D.E. 365].

In his section 2255 motion, Thomas alleges that he received ineffective assistance of counsel

---

[1] Specifically, defense counsel objected to the PSR's statement that a reference Thomas made in a recorded phone call to "18 of the hard ball" meant 18 ounces of crack cocaine rather than 18 grams, and argued that "instead of estimating the bags [of heroin] discussed in the phone calls to be the typical .02 grams per bag, that it would be more appropriate to use the .01 or .012 grams that were actually lab tested and weighed." Sentencing Tr. at 6–7. Defense counsel acknowledged, and the court found, that the objection to the heroin calculation did not affect Thomas's advisory guideline range. Id. at 7, 26.

3

Case 5:18-cr-00235-D   Document 468   Filed 03/02/22   Page 3 of 9

based on counsel's "lie" concerning the sentence Thomas would receive by pleading guilty and withholding of "exonerating exculpatory evidence . . . that would have lighten[ed Thomas's] sentence in reference to the drug amount weight in [his] case." [D.E. 455] 4; see [D.E. 449] 1; [D.E. 467]. The government moves to dismiss Thomas's motion under Rule 12(b)(6) for failure to state a claim. See [D.E. 461]. Thomas opposes the motion. See [D.E. 467].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

4

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice'

5

requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1967. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

A.

Thomas essentially challenges whether his guilty plea was knowing and voluntary and contends that his attorney "lied" about the sentence he would receive. Thomas's sworn statements during his Rule 11 proceeding contradict this claim, and Thomas's sworn statements bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At his Rule 11 hearing, while under oath, Thomas affirmed he was fully satisfied with counsel's services. See Rule 11 Tr. at 14. The court asked Thomas: "Has anyone threatened you, or anyone else, or forced you in any way to plead guilty, sir?" Id. at 22. Thomas replied, "No, sir." Id. The court asked: "Has anyone made any promise to you or anyone else that's made you decide to plead guilty, sir?" Id. Thomas replied, "No, sir." Id. Moreover, Thomas affirmed that he understood that any sentencing prediction by his lawyer was not binding on the court and that if the prediction was incorrect, Thomas could not withdraw his guilty plea. See id. at 21–22. Thomas also affirmed his understanding that if the court imposed the statutory-maximum sentence, Thomas could not withdraw his guilty plea and could not go to trial. See id. at 23–24. Accordingly, Thomas's guilty plea was knowing and voluntary, and the court accepted Thomas's plea with a proper factual basis.

Thomas has not plausibly alleged deficient performance or prejudice. As for performance, counsel acted reasonably by negotiating a plea agreement in which Thomas agreed to plead guilty

6

to two counts in exchange for the government dismissing two counts. Even if counsel misinformed Thomas of the penalties he faced and the consequences of pleading guilty, Thomas has not plausibly alleged prejudice because the court corrected those alleged errors during the Rule 11 hearing. See United States v. Akande, 956 F.3d 257, 263 (4th Cir. 2020); United States v. Akinsade, 686 F.3d 248, 253–54 (4th Cir. 2012). Moreover, in light of his Rule 11 hearing, Thomas has not demonstrated prejudice because he has not plausibly alleged that but for counsel's alleged errors, he would have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Accordingly, the claim fails.

B.

Thomas claims that his attorney withheld exculpatory evidence concerning the drug weight attributed to him in the PSR. Specifically, Thomas contends that he asked his attorney to argue that he "was charged a gram for every brick of heroin when the lab test show and prove every 20 bricks of heroin comes back to 6.6 to 6.8 grams." [D.E. 467].

Thomas has not plausibly alleged prejudice because the court did not err by adopting the PSR's calculation concerning the drug weights attributable to Thomas, and the heroin weight did not affect his advisory guideline range. Testimony at Thomas's sentencing hearing, which the court credited, provided the basis for determining the quantities of drugs Thomas distributed. See Sentencing Tr. at 11–17. Thomas did not plausibly rebut that evidence. Accordingly, the court did not err in its advisory guideline calculation, and Thomas has not plausibly alleged prejudice. Cf. United States v. Williams, 19 F.4th 374, 380 (4th Cir. 2021). Moreover, in light of the government's summary of the evidence at the Rule 11 hearing, the evidence presented in the PSR, and the evidence presented at sentencing, Thomas has not plausibly alleged his actual innocence. And in any event, Thomas cannot use section 2255 to attack his advisory guideline range. See, e.g., United States v.

7

Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Accordingly, Thomas's claim fails.

Alternatively, Thomas raised the issue of the drug weight calculation on direct appeal and lost. The Fourth Circuit found that Thomas knowingly and voluntarily waived his right to appeal the issue and dismissed the appeal. See [D.E. 365] 1–2. Thomas cannot use section 2255 to relitigate claims that he raised and lost on direct appeal. See Bousley v. United States, 523 U.S. 614, 622–23 (1998); United States v. Frady, 456 U.S. 152, 164–65 (1982); Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the claim fails.

C.

Alternatively, the post-conviction waiver in Thomas's plea agreement bars Thomas's claims to the extent Thomas asserts claims other than ineffective assistance claims. In the waiver, Thomas agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

[D.E. 59] ¶ 2(c). In light of Thomas's Rule 11 proceeding, the waiver is enforceable. See Rule 11 Tr.; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th

8

Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Accordingly, the waiver bars Thomas's claims.

### D.

After reviewing the claims presented in Thomas's motion, the court finds that reasonable jurists would not find the court's treatment of Thomas's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 461], DENIES petitioner's motion to vacate [D.E. 449, 455], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 2 day of March, 2022.

                                                       JAMES C. DEVER III
                                                      United States District Judge